IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| TASHA L. RAPOZO,<br><br>       Plaintiff,<br><br>    v.<br><br>KILOLO KIJAKAZI, *Acting Commissioner of Social Security*,<br><br>       Defendant. | Case No. 22-cv-00166-DKW-WRP<br><br>**ORDER DENYING WITHOUT PREJUDICE APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS**[1] |

Plaintiff Tasha Rapozo, proceeding pro se, moves for leave to proceed without prepaying fees or costs in this social security appeal ("IFP Application"). Dkt. No. 3.

Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that demonstrates an inability to pay. *See* 28 U.S.C. § 1915(a)(1). While Section 1915(a) does not require a litigant to demonstrate absolute destitution, *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948), the applicant must nonetheless show that she is "unable to pay such fees or give security

---

[1] Pursuant to Local Rule 7.1(c), the Court finds this matter suitable for disposition without a hearing.

therefor," 28 U.S.C. § 1915(a).   Here, because Rapozo has failed to fully complete the IFP Application, the Court DENIES the IFP application without prejudice to re-filing a new application that complies with the instructions below.

In the IFP Application, Rapozo states that, in the past 12 months, she has received income from "[b]usiness, profession, or other self-employment" that she identifies as the "Depart[ment] of human services".   Having done so,[2] the IFP Application instructs an applicant to state the amount received, and whether the applicant expects to receive the income in the future.   Dkt. No. 3 at 1.   Rapozo, however, has done neither.   *See id*.   As a result, without this information, the Court cannot properly assess whether Rapozo is unable to pay for the fees in this case and, therefore, the IFP Application, Dkt. No. 3, is DENIED WITHOUT PREJUDICE.

Should Rapozo decide to continue with this action without paying the filing fee, she must file a new application to proceed *in forma pauperis*, a blank copy of which the Court will mail to her.   In completing a new application, Rapozo must answer all questions on the form, including the question concerning the amount of "[b]usiness, profession, or other self-employment" income she has received in the last 12 months and whether she expects to receive such payments in the future.

---

[2] The Department of Human Services, if that is the source of the income, also seems an odd source for "[b]usiness, profession, or other self-employment" income.

Rapozo may have until **May 23, 2022** to file a new application to proceed in district court without prepaying fees or costs.  **The failure to file a complete application to proceed *in forma pauperis* or pay the civil filing fee may result in the dismissal of this action without further consideration of the merits of this social security appeal.**

The Clerk of Court is DIRECTED to mail Rapozo a blank Application to Proceed In District Court Without Prepaying Fees or Costs (AO 240).

IT IS SO ORDERED.

Dated: May 2, 2022 at Honolulu, Hawaiʻi.



Derrick K. Watson
United States District Judge

Tasha L. Rapozo v. Kilolo Kijakazi; Civil No. 22-00166 DKW-WRP; **ORDER DENYING WITHOUT PREJUDICE APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS**