IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| TASHA L. RAPOZO,<br><br>        Plaintiff,<br><br>    v.<br><br>KILOLO KIJAKAZI, *Acting Commissioner of Social Security*,<br><br>        Defendant. | Case No. 22-cv-00166-DKW-WRP<br><br>**ORDER (1) GRANTING APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS, AND (2) DIRECTING SERVICE OF THE COMPLAINT**[1] |

Plaintiff Tasha Rapozo, proceeding pro se, moves for leave to proceed without prepaying fees or costs in this social security appeal ("IFP Application"). Dkt. No. 6.[2]

**I.      IFP Application**

Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that demonstrates an inability to pay.  *See* 28 U.S.C. § 1915(a)(1).   While

---

[1]The Court finds these matters suitable for disposition without a hearing pursuant to Local Rule 7.1(c).
[2]Rapozo previously moved for leave to proceed without prepaying fees or costs when initiating this action.   That earlier motion, however, was denied for failure to fully complete the application.   Dkt. Nos. 3, 5.

Section 1915(a) does not require a litigant to demonstrate absolute destitution,

*Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948), the applicant

must nonetheless show that she is "unable to pay such fees or give security

therefor," 28 U.S.C. § 1915(a).

Here, Rapozo has made the required showing under Section 1915(a).   In the

IFP Application, Rapozo states that she receives roughly $408 in gross and take-

home pay per month.   She further states that she receives various forms of other

income.   These are: $1,165 in rental assistance from the County of Hawai'i per

month; $388 in welfare per month; $470 in "SNAP" benefits per month; and $245

from "self-employment" per year.   Rapozo states that she has $6 in a checking or

savings account and no other assets.   Rapozo further states that she has monthly

expenses of roughly $145 for electricity, $185 for rent (beyond the assistance

provided by the County), and roughly $90 for television and/or internet.   In light

of these figures, once Rapozo's monthly expenses are taken into account, she

would not have the means to pay the filing fee for this action while still being able

to afford the necessities of life.   *See Escobedo v. Applebees*, 787 F.3d 1226, 1234-

36 (9th Cir. 2015).[3]   In addition, Rapozo has insufficient assets to provide

security.   As a result, the Court GRANTS the IFP Application, Dkt. No. 6.

## II.   Service

Because Rapozo has been granted leave to proceed *in forma pauperis*, the

Court finds that service of the summons and Complaint is appropriate.   *See*

Fed.R.Civ.P. 4(c)(3).   To facilitate service, the Court ORDERS as follows:

1.   The Clerk's Office is directed to send to Plaintiff: one copy of the

Complaint, Dkt. No. 1; one summons; one USM-285 form; one

Notice of Lawsuit and Request for Waiver of Service of Summons

form (AO 398); two (2) Waiver of Service of Summons forms (AO

399); an instruction sheet; and a copy of this Order.   The Clerk shall

also send a copy of this Order to the U.S. Marshal.

2.   Plaintiff shall complete the forms as directed and submit the following

documents to the U.S. Marshal in Honolulu, Hawaii: a completed

USM-285 form; a copy of the Complaint; the summons; a completed

Notice of Lawsuit and Request for Waiver of Service of Summons

form (AO 398); and two (2) completed Waiver of Service of

---

[3]Based upon the information provided in the IFP Application, after monthly expenses are taken into account, Rapozo would have roughly $396 per month in income−an amount *less* than the $402 filing fee for this action.

Summons forms (AO 399).

3.   Upon receipt of these documents from Plaintiff, the U.S. Marshal

shall mail to the Defendant: a copy of the Complaint; a completed

Notice of Lawsuit and Request for Waiver of Service form (AO 398);

and two (2) completed Waiver of Service of Summons forms (AO

399), as directed by Plaintiff without payment of costs.   *See*

Fed.R.Civ.P. 4(c)(3).

4.   The U.S. Marshal shall retain the summons and a copy of the

Complaint.   The U.S. Marshal shall also file a returned Waiver of

Service of Summons form as well as any Waiver of Service of

Summons form that is returned as undeliverable, as soon as it is

received.

5.   If Defendant does not return a Waiver of Service of Summons form

within sixty days from the date that such forms are mailed, the U.S.

Marshal shall:

a.   Personally serve such Defendant pursuant to Rule 4 of the

Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

b.   Within ten days after personal service is effected, file the return

of service for such Defendant, along with evidence of any

attempts to secure a waiver of service of summons and of the

costs subsequently incurred in effecting service.   Said costs

shall be enumerated on the USM-285 form and shall include the

costs incurred by the U.S. Marshal's office in photocopying

additional copies of the summons and the Complaint and for

preparing new USM-285 forms, if required.   Costs of service

will be taxed against the personally served Defendant in

accordance with the provisions of Federal Rule of Civil

Procedure 4(d)(2).

6.   If Rapozo does not wish to use the U.S. Marshal for service, she may

serve Defendant on her own, in compliance with Fed.R.Civ.P. 4.

7.   Rapozo is cautioned that if she fails to comply with this Order and her

non-compliance prevents timely and proper service as set forth in

Federal Rule of Civil Procedure 4(m), this action is subject to

dismissal for failure to serve.

8.   After service of the summons and Complaint, whether accomplished

on her own or with the services of the U.S. Marshal, Rapozo must

serve on Defendant or, if applicable, Defendant's attorney a copy of

all further documents she submits to the Court.   The U.S. Marshal is

not responsible for serving these documents on Plaintiff's behalf. Rapozo shall include, with any original paper filed with the Clerk of Court, a certificate stating the date that a copy of the document was served on Defendant or Defendant's counsel, and the manner in which service was accomplished.   Any paper received by a District or Magistrate Judge that has not been filed with the Clerk of Court or that does not include a certificate of service will be disregarded.

9.      Rapozo is further notified that she must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii throughout all proceedings in this Court.

IT IS SO ORDERED.

Dated: May 19, 2022 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge