IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| TASHA L. RAPOZO,<br><br>    Plaintiff,<br><br>  vs.<br><br>KILOLO KIJIKAZI, Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. 22-cv-00166-DKW-WRP<br><br>**ORDER AFFIRMING DECISION OF ACTING COMMISSIONER OF SOCIAL SECURITY** |

Plaintiff Tasha L. Rapozo, proceeding without counsel, appeals the decision of the Acting Commissioner of Social Security denying her disability insurance benefits for the period November 1, 2016 through March 26, 2021.  Although the Court liberally construes Rapozo's pro se filings in this case, she has failed to present any coherent reason for finding error, let alone reversible error, in the decision of the Acting Commissioner, despite guidance from the Court.  At most, Rapozo appears to contend that, because she is blind in one eye and has issues with the vision in her other eye, she should be considered disabled.  Rapozo ignores, however, that the Administrative Law Judge (ALJ) did not agree with any such assessment of disability.  And Rapozo further fails to explain why the evidence the ALJ relied upon in doing so is not substantial evidence.  As a result, as more

fully set forth below, the Court AFFIRMS the decision of the Acting Commissioner.

## BACKGROUND

I. **Review of Disability Claims**

A five-step process exists for evaluating whether a person is disabled under the Social Security Act (SSA). 20 C.F.R. § 404.1520. First, the claimant must demonstrate that she is not currently involved in any substantial, gainful activity. *Id*. §§ 404.1520(a)(4)(i), (b). Second, the claimant must show a medically severe impairment or combination of impairments that significantly limit her physical or mental ability to do basic work activities. *Id*. §§ 404.1520(a)(4)(ii), (c). Third, if the impairment matches or is equivalent to an established listing under the governing regulations, the claimant is judged conclusively disabled. *Id*. §§ 404.1520(a)(4)(iii), (d).

If the claimant's impairment does not match or is not equivalent to an established listing, the ALJ makes a finding about the claimant's residual functional capacity (RFC) to perform work. *Id*. § 404.1520(e). The evaluation then proceeds to a fourth step, which requires the claimant to show her impairment, in light of the RFC, prevents her from performing work she performed in the past. *Id*. §§ 404.1520(a)(4)(iv), (e), (f). If the claimant is able to perform her previous

work, she is not disabled.  *Id*. § 404.1520(f).  If the claimant cannot perform her past work, though, the evaluation proceeds to a fifth step.  *Id*. § 404.1520(a)(v), (g).  At this final step, the Commissioner must demonstrate that (1) based upon the claimant's RFC, age, education, and work experience, the claimant can perform other work, and (2) such work is available in significant numbers in the national economy.  *Id*. § 404.1560(c); *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (explaining that, at step five, the burden moves to the Commissioner).  If the Commissioner fails to meet this burden, the claimant is deemed disabled.  20 C.F.R. § 404.1520(g)(1).

## II.     The ALJ's Decision

On March 26, 2021, the ALJ issued a decision finding Rapozo not disabled for purposes of the SSA from the alleged onset date of November 1, 2016 through the date of the decision.  Administrative Record ("AR") at 40-41.  At Step One of the evaluation process, the ALJ determined that, although Rapozo engaged in substantial gainful activity between May and September 2017, there was a continuous 12-month period during which she did not engage in such activity during the period of her alleged disability.  *Id*. at 28.  At Step Two, the ALJ determined that Rapozo had the following severe impairments: right eye blindness; generalized anxiety disorder; major depressive disorder; and bilateral wrist sprains

since October 4, 2019. *Id*. At Step Three, the ALJ determined that Rapozo did not have an impairment or combination of impairments that met or medically equaled the severity of one of the impairments listed in the governing regulations. *Id*. at 29-31.

Before reaching Step Four, the ALJ determined that Rapozo had the RFC to perform "a full range of work at all exertional levels" with the following nonexertional limitations: "no hazardous machinery or unprotected heights; no ladders, ropes, or scaffolds; no driving; limited to occasional decision-making; occasional changes in work setting; no production rate pace where each task must be completed within a strict timeline; and frequent use of the bilateral hands." *Id*. at 32. At Step Four, the ALJ determined that Rapozo was capable of performing past relevant work as an office helper. *Id*. at 39. Alternatively, the ALJ also found, under Step Five, that, in light of Rapozo's RFC, age, education, and work experience, she could perform jobs existing in significant numbers in the national economy. *Id*. at 39-40. More specifically, a vocational expert testified that Rapozo could do the jobs of furniture rental clerk and usher. *Id*. at 40. As a result, the ALJ determined that Rapozo was not disabled from November 1, 2016 through the date of the decision. *Id*. at 40-41.

On January 25, 2022, the Appeals Council denied Rapozo's request for review of the ALJ's decision, making that decision the final decision of the Acting Commissioner. *Id*. at 9.

## STANDARD OF REVIEW

A court must uphold an ALJ's decision "unless it is based on legal error or is not supported by substantial evidence." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). "Substantial evidence is more than a mere scintilla but less than a preponderance." *Id*. (quotation omitted). Stated differently, "[s]ubstantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (quotation omitted). "Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Id.* at 679; *see also Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014) ("[Courts] leave it to the ALJ to determine credibility, resolve conflicts in the testimony, and resolve ambiguities in the record.").

## DISCUSSION

Rapozo proceeds pro se in this action. Therefore, the Court liberally construes her filings. *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). However, the Court cannot act as counsel for a pro se litigant, such as by supplying

5

the essential elements of a claim. *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Having done so, as more fully set forth below, Rapozo provides no reason or explanation for how the ALJ erred in denying her claim for disability insurance benefits or how the decision was not supported by substantial evidence.

Rapozo's opening brief is a page in length.[1] Therein, she states that she has "been this way since 1998[]" when she was denied social security. Dkt. No. 26 at 1. She further states that she has "always requested large print." She continues that an "eye specialist" from the "Bennett Eye Institute" has stated that she is disabled. She further states that the vision in her left eye is not getting better, her vision changes every month, and she has a hard time getting correct glasses. *Id*. In her three-page reply, Rapozo states that medical records from the Bennett Eye Institute show that the issues with her vision are "ongoing" and have "worsen[ed.]" Dkt. No. 29 at 1. She further states that she cannot read small print, she was forced to stop driving about five years ago due to her vision, and she takes

---

[1] The opening brief was also much delayed. Specifically, the opening brief was originally due on January 23, 2023. Dkt. No. 17. After that deadline came and went, the Court ultimately allowed Rapozo until May 17, 2023 to file an opening brief. Dkt. Nos. 20-22. Once again, though, the foregoing deadline passed without the filing of an opening brief. Nonetheless, the Court gave Rapozo a final opportunity to argue the merit of her appeal, allowing her until June 15, 2023 to file an opening brief. Dkt. No. 24. On June 16, 2023, Rapozo filed an "Opening Statement", Dkt. No. 26, which the Court now summarizes.

"medical transport" for her doctor visits.  *Id*. at 2-3.   She also states that a doctor from the Bennett Eye Institute sent a disability document to a government transit department and restricted her from work lifting heavy items or involving sudden eye movement.  *Id*.

None of these statements, however, even if true, explain how the ALJ erred in denying Rapozo's claim for disability insurance benefits or how the ALJ's decision was not based upon substantial evidence.   Specifically, with respect to Rapozo's vision issues, which is the only impairment raised in her briefing, the ALJ found as follows:

> As for the claimant's right eye blindness, December 2016 treatment notes showed conjunctiva exhibited no abnormalities. On April 29, 2017, exams showed no red color defect, no green color defect bilaterally, ocular movements normal on the left, right eye visual acuity of 20/-, but left eye visual acuity of 20/25. May 16, 2017 treatment notes showed normal extraocular movements. January 2, 2018 treatment notes also showed normal extraocular movements, pupils equal and round, and reactive to light and accommodation. July 5, 2019 treatment notes indicated confrontational fields showed the claimant was unable to see fingers with right eye, abnormal finger counting with left eye, but clear vitreous bilaterally. In July 2019, treatment notes showed confrontational fields, the claimant was unable to see fingers with right eye (but clear vitreous), and abnormal finger counting with left eye with floaters. The claimant was assessed with longstanding blindness in the right eye since 1998, blurred vision in both eyes, metamorphopsia of the left eye, left eye vitreous floaters, drusen of the optic disc, bilateral senile nuclear cataract, with monitoring and no surgical intervention noted for all. The claimant's remaining vision in the better left eye, after best correction, was

> 20/200 on July 5, 2019; however, the measurement was not consistent with the measurement of left eye vision, after best correction, of 20/60 on July 17, 2019.

AR at 34 (citations omitted). The ALJ further concluded that right eye blindness did not result in greater limitations than those assessed in the RFC. *Id*.

In this light, with respect to Rapozo's vision issues, it cannot be said that the ALJ committed any legal error in considering the same, as the ALJ clearly, and at length, addressed Rapozo's relevant treatment records concerning her vision. Rapozo also fails, as mentioned, to explain how the ALJ's findings with respect to her vision are not based upon substantial evidence. Moreover, although, in her briefing, Rapozo relies upon medical evidence from the Bennett Eye Institute, as the government explains in its answering brief, none of this information is relevant to the ALJ's decision here because all of the evidence concerns examinations that long post-date the ALJ's decision on March 26, 2021. *See* Dkt. No. 28 at 11-12; Dkt. No. 30 at 4 (stating that the examinations occurred between May 2022 and June 2023); 20 C.F.R. § 404.970 (a)(5), (c) (explaining that the Appeals Council will not review a case if new evidence "does not relate to the period on or before the date of the administrative law judge hearing decision").

In summary, construed liberally, Rapozo's statements in her briefing amount to the argument that she disagrees with the ALJ's finding of non-disability and this

Court should, therefore, reach a different result. Disagreement, though, is simply insufficient. *See Cereghino v. Kijikazi*, 202 WL 7352744, at *2 (9th Cir. Oct. 13, 2022) ("Our role is not to 'reweigh the evidence and substitute our own judgment' for the ALJ's judgment.") (quoting *Winans v. Bowen*, 853 F.2d 643, 644-645 (9th Cir. 1987)). Instead, Rapozo was required to point to legal error or a lack of substantial evidence supporting the ALJ's decision, *see Ryan*, 528 F.3d at 1198, something which, as explained, she has failed to do.

## CONCLUSION

For the reasons set forth herein, the Acting Commissioner's decision, denying Rapozo's application for disability insurance benefits, is AFFIRMED. Rapozo's request for a zoom or phone meeting for future court hearings, Dkt. No. 27, is DENIED AS MOOT.

The Clerk of Court is directed to enter judgment in favor of the Acting Commissioner and then close this case.

IT IS SO ORDERED.

DATED: August 16, 2023 at Honolulu, Hawaiʻi.



Derrick K. Watson
Chief United States District Judge